**In the Matter of Robert M. SCHAUMANN.**

No. 782S255.

Supreme Court of Indiana.

April 12, 1983.

No appearance for respondent.

Martha S. Hoover, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This matter was brought by the Indiana Supreme Court Disciplinary Commission in a single count verified complaint for disciplinary action. The appointed hearing officer has heard this case and has submitted his Findings of Facts, Conclusions of Law and Recommendations.

We have reviewed such findings and all other matters submitted under this cause and now find that the Respondent, Robert M. Schaumann, was admitted to the practice of law in Indiana on May 20, 1964. For the years 1976 to the present, he has not paid his annual registration fee as required by Ind.R.A.D. 23, Section 21, and, accordingly, he has not been a Bar member in good standing. We find further that on July 7, 1982, the complaint was mailed to the Respondent by certified mail, but was returned by the U.S. Post Office with a notation that the Respondent, although notified of its delivery, had failed to claim the letter. Thereafter, the Disciplinary Commission effected alternative constructive service in accordance with the provisions of Ind.R.A.D. 23, Section 12(d). The Respondent failed to make an appearance, either in person or by counsel.

We find further that on or about February 6, 1981, the Respondent wrote a check

payable to the Scrambler Corporation, an Ohio corporation located in Genoa, Ohio, in the amount of Five Thousand Dollars ($5,000). This check represented partial payment for equipment which the Respondent had ordered from Scrambler in January, 1981. The ordered equipment was delivered to the Respondent shortly after the order was placed.

The check was deposited by Scrambler, but it was returned on or about March 6, 1981, due to insufficient funds in the Respondent's bank account. When Scrambler so notified the Respondent by telephone, the Respondent stated that the funds were available and the failure to clear was due to a bank error. The Respondent advised Scrambler to redeposit the check. Scrambler redeposited the check but, once again, it failed to clear. The Respondent has not subsequently honored the check nor otherwise paid.

Shortly thereafter, Scrambler attempted to repossess the equipment which had previously been delivered to the Respondent in Orlando, Florida, but was unsuccessful as Respondent had disposed of all but two units.

On November 4, 1981, Scrambler, by its president, Eugene D. Richardson, filed a Check Offense Questionnaire with the Ottawa County Court of Common Pleas in Ohio. The Respondent was summoned to appear on April 9, 1982. Upon his failure to do so, a bench warrant was issued against him.

From the foregoing facts we conclude that the Respondent knowingly wrote and delivered a check without having sufficient funds in the account on which it was drawn. Thereafter, he made misrepresentations as to the reason for the insufficiency and, further, he disposed of the equipment he had obtained by such bad check. The Respondent failed to appear in court after having been summoned, causing the issuance of a bench warrant. This conduct is in violation of Disciplinary Rules 1–102(A)(3), (4), (5) and (6) of the *Code of Professional Responsibility for Attorneys at Law,* as charged in the complaint filed under this cause.

Maintaining the integrity and improving the competence of the Bar to meet the highest standards is the ethical responsibility of every lawyer. *Code of Professional Responsibility,* EC 1–1. The Respondent has acted in blatant disregard of his ethical obligations and the laws which he has sworn to uphold. This is not a simple case of an attorney writing a bad check. The Respondent, while knowingly misrepresenting the reason for the insufficiency of funds in his account, disposed of the equipment purchased by the bad check. Thereafter, he has avoided Scrambler and has failed to appear in the Ohio Court. His actions appear to be those of a common fugitive from the law. This Court cannot and will not allow those who disobey the laws of the land and thus besmirch the integrity of the legal profession to remain members of the Bar of this state. A very severe sanction must be imposed in this case.

In view of the above considerations it is, therefore, ordered that the Respondent be and he hereby is disbarred as an attorney in the State of Indiana.

Costs of this proceeding are assessed against the Respondent.